```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
  HIDALGO CHRISTIAN, on behalf of            :
  himself and others similarly situated in the :
  proposed FLSA collective action,            :
                                              :
                                              :  MEMORANDUM DECISION AND
                              Plaintiff,      :  ORDER
                                              :
           - against -                        :  22-cv-4774 (BMC)
                                              :
                                              :
  MH PLUMBING & MECHANICAL CORP.              :
  and MARTIN HERNANDEZ,                       :
                                              :
                              Defendants.     :
                                              :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff has moved for a default judgment against the corporate defendant and its individual owner/manager for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and corresponding provisions of the New York Labor Law. Plaintiff alleges that defendants failed to pay him minimum wages and failed to provide him with wage statements and wage notices required by state law. For the following reasons, the motion is granted in part and denied in part.

The record reflects that both defendants were properly served but have not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action. Accordingly, the Court finds both defendants in default.

When a defendant defaults, the court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the court also must determine whether

the allegations in the complaint establish the defendants' liability as a matter of law. Id. Here, those requirements are met.

The well-pleaded allegations in the complaint meet the jurisdictional prerequisites of the FLSA. See 29 U.S.C. §§ 206(a), 207(a)(1); see also Guerrero v. Danny's Furniture Inc., No. 19-cv-7284, 2021 WL 4155124, at *2 (S.D.N.Y. Sept. 13, 2021). The Court further finds that the Complaint's allegations constitute violations of the minimum wage provisions of the FLSA, see 29 U.S.C. §§ 206(a), 207(a)(1), 255(a); Guerrero, 2021 WL 4155124, at *2, and that plaintiff has adequately pled individual liability.

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). The court may determine that there is a sufficient evidentiary basis for the damages sought by plaintiff by reviewing affidavits and other documentary evidence. See Cement & Concrete Workers Dist. Council Welfare Fund, 699 F.3d at 234.

Plaintiff requests an award of monetary damages in the amount of $2571.43 against defendants, jointly and severally, for minimum wage violations of the FLSA and NYLL. In support of this request, plaintiff has submitted a sworn statement with his estimates of the days of the week and hours that he worked. The Court finds that this proof is sufficient to establish

damages to a reasonable certainty and no further hearing is required. He is also entitled to an equal amount of liquidated damages since defendants' failure to appear is sufficient evidence of willfulness.

I reject plaintiff's claims for damages under the wage notice and wage statement provisions of NYLL § 195(1) and § 195(3). These provisions provide for a statutory penalty for the failure to give proper notices, but the penalty bears no relation to any actual and concrete injury that plaintiff has suffered as a result of their violation, and, indeed, plaintiff alleges none. As this Court and others have held, the lack of an actual and concrete injury means that plaintiff lacks standing to pursue these claims in federal court. See Deng v. Frequency Electronics, Inc., 21-cv-6081, 2022 WL 16923999 (E.D.N.Y. Nov. 14, 2022).

The Court also denies plaintiff prejudgment interest as the award of liquidated damages is more than sufficient to compensate him for the loss of the time value of money. See McFarlane v. Harry's Nurses Registry, No. 17-cv-6350, 2020 WL 7186791, at *4 (E.D.N.Y. Dec. 7, 2020).

Finally, plaintiff is entitled to reasonable attorneys' fees and costs under the FLSA. 29 U.S.C. § 216(b); see also Francois v. Mazer, 523 F. App'x 28, 29 (2d Cir. 2013). In determining a reasonable attorneys' fees award, both the Supreme Court and Second Circuit "have held that the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a presumptively reasonable fee." Millea v. Metro–North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation omitted). Such "[a] reasonable [hourly] rate is the rate that a reasonable, paying client would be willing to pay." Barrella v. Vill. of Freeport, 43 F. Supp. 3d 136, 189 (E.D.N.Y. 2014) (internal quotation omitted). "[A] district court should generally use the prevailing hourly rates in the district where it sits." Joseph v. HDMJ Rest., Inc., 970 F. Supp. 2d 131, 155 (E.D.N.Y. 2013).

3

Plaintiff seeks attorneys' fees of $4668.75. It appears that this is, in fact, the lodestar amount. Mr. Mizrahi's rate of $325 per hour is reasonable and the amount of time, just over 14 hours, is not an unreasonable amount to litigate this case through default judgment. The costs of $584.60 are also reasonable.

Accordingly, plaintiff's motion for a default judgment is granted to the extent set forth above. The Clerk is directed to enter judgment in favor of plaintiff and against defendants, jointly and severally, in the amount of $5142.86 for compensatory and liquidated damages, $4668.75 in attorneys' fees, and $584.60 in costs, for a total of $10,396.21.

**SO ORDERED.**

_Brian M. Cogan_
U.S.D.J.

Dated: Brooklyn, New York
       January 29, 2023

4